**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SORENSEN COMPANIES, INC.,

        Petitioner,

-vs-                                        Case No. 3:17-cv-1095-J-34JRK

B.J. BURNS INCORPORATED,
d/b/a Outlook International Electric,

        Respondent.

_____

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On September 29, 2017, Petitioner Sorensen Companies, Inc. (Sorensen) filed its Petition to Confirm Arbitration Award (Doc. No. 1; Petition) in this Court. See generally Petition at 1. In the Petition, Sorensen asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. See id. at 2. Specifically, Sorensen alleges that the Court has diversity jurisdiction over this action because it is a "corporation organized and existing under the laws of the state of Utah," and Respondent B.J. Burns Incorporated "is a registered Florida corporation with a principal address of 4700 Biscayne Boulevard, [] Miami, Florida 33137." Id. at 1. However, because Sorensen has failed to disclose its principal place of business, its citizenship is not properly alleged in the Petition. See Am. Motorists Ins. Co. v. Am. Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979)[1] (per curiam); see also Fid. & Guar. Life Ins. Co. v. Thomas, 559 Fed.

---

      [1]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Appx. 803, 805 n. 5 (11th Cir. 2014). Therefore, the Court's subject matter jurisdiction over the action is not established.

Federal courts are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See University of South Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, "[t]he federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 130 S.Ct 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). Accordingly, the allegation that Sorensen is a "corporation organized and existing under the laws of the state of Utah" is insufficient to disclose its citizenship – indeed, it does not disclose where Sorensen has its principal place of business. See Hertz, 130 S.Ct at 1185.

In light of the foregoing, the Court will give Sorensen an opportunity to provide the Court with sufficient information to establish its citizenship and this Court's diversity jurisdiction over the instant action. Specifically, Sorensen should provide adequate allegations regarding the location of its principal place of business. Accordingly, it is hereby

**ORDERED**:

Petitioner Sorensen Companies, Inc. shall have until **October 20, 2017**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, on October 2, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record