**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SORENSEN COMPANIES, INC.,

                    Petitioner,

vs.                                      Case No.  3:17-cv-1095-J-34JRK

B.J. BURNS INCORPORATED,
doing business as Outlook International
Electric,

                    Respondent.

_____/

### REPORT AND RECOMMENDATION[1]

### I.  Status

This cause is before the Court on Petitioner's Motion for Entry of Final Judgment Against Respondent (Doc. No. 14; "Motion"), filed February 9, 2018, that seeks a default judgment against Respondent which confirms the Final Award of Arbitrator (Doc. No. 5-2; "Final Award"), entered on March 27, 2017 (American Arbitration Association ("AAA"), Commercial Arbitration Tribunal, Case No. 01-16-002-5270), and provides that the following amounts be paid to Petitioner by Respondent:

    i.  Damages awarded in Final Award: $105,345.55;
    ii.  Attorneys' fees awarded in Final Award: $8,100.00;
    iii.  Arbitration costs: $3,967.50;
    iv.  Cost for Middle District of Florida filing fee: $400.00;

---

[1]    "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

      v.  Cost for Service of Process: $65.00;
     vi.   Additional attorneys' fees incurred: $3,250.00;
    vii.   Post-judgment interest at the applicable legal rate; and
   viii.   Such other further relief as this Court deems just and proper.

Motion at 3.  The Motion was referred to the undersigned upon its filing.

On March 8, 2018, the undersigned entered an Order (Doc. No. 15; "Order") taking the Motion under advisement, directing Petitioner to file a supplemental memorandum addressing entitlement to attorneys' fees for work performed after the Final Award was issued and providing sufficient documentation of the fees. In addition, Petitioner was directed to serve a copy of the Motion, the Order, and any forthcoming memorandum, on Respondent and file a certificate of service to that effect. See id. at 3.  The Order gave Respondent until April 26, 2018 to file a response to the Motion, failing which it would be deemed unopposed. Id.

Petitioner timely filed its Supplemental Memorandum Showing Entitlement to Attorneys' Fees Incurred After the Arbitration Award Was Issued (Doc. No. 16; "Supplemental Memorandum") on March 23, 2018.  In addition, that same date, Petitioner's Notice of Serving Respondent With Motion for Entry of Final Judgment and Related Documents (Doc. No. 17) was filed, in which Petitioner represents it served the Motion, the Order, and the Supplemental Memorandum on Respondent on March 23, 2018 "by regular United States Postal Service mail and certified mail."  Despite being served with the foregoing, Respondent has not responded to the Motion.  Accordingly, the Motion is deemed unopposed.  For the reasons discussed below, the undersigned recommends that the Motion be granted.

## II. Background

Petitioner brought this action on September 29, 2017 to confirm the AAA Final Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA").  See Petition to Confirm Arbitration Award (Doc. No. 1; "Petition").  The Petition was amended on October 20, 2017.  See Amended Petition to Confirm Arbitration Award (Doc. No. 5; "Amended Petition" or "Am. Pet.").  According to the operative Amended Petition, "On October 15, 2014, Petitioner and Respondent entered into a Subcontractor Master Service Agreement ('SMSA') wherein Petitioner agreed to provide certain services for the benefit of Respondent in exchange for compensation."  Am. Pet. at 2 ¶ 6; see id. at Ex. 1.  Petitioner alleges that it performed the "work in strict compliance with the instructions provided by Respondent and the SMSA" and "submitted invoices to Respondent for payment for services rendered."  Id. at 2 ¶¶ 7, 9.  Although Respondent paid Petitioner for a portion of the work performed, Respondent "failed to pay Petitioner $105,345.55."  Id. at 2 ¶ 10.

After the parties failed to resolve their dispute over payment, "Petitioner proceeded with arbitration as specified in Section 8 of the SMSA."  Id. at 3 ¶ 12.  A Demand for Arbitration was submitted to the AAA on June 28, 2016.  Id. at 3 ¶ 13.  On March 27, 2017, the arbitrator, Amanda Baggett, issued the Final Award.  Id. at 3 ¶ 14; Final Award.  According to the Final Award:

1. Respondent shall pay to [Petitioner] $105,345.55 on [Petitioner's] claims in [the arbitration];

2. Respondent shall pay to [Claimant] $8,100.00 for attorney's fees incurred by [Petitioner] in th[e] arbitration;

3. The Administrative fees of the [AAA] totaling $3,000.00 and the Compensation of the Arbitrator totaling $1,935.00 is to be borne by the Respondent.

Final Award at 1.  With regard to the fees set forth in paragraph three, Respondent was directed to "reimburse [Petitioner] the sum of $3,967.50, representing the portion of said fees in excess of the apportioned costs previously incurred by [Petitioner]."  Id. at 2.

Although directed to pay the above sums within thirty days of the award, id., Respondent failed to do so, Am. Pet. at 3 ¶ 17.  Accordingly, Petitioner commenced this action seeking to confirm the Final Award.  When Respondent failed to appear after being served with process, Petitioner sought and obtained a Clerk's Default (Doc. Nos. 11, 12).  Thereafter, Petitioner filed the instant Motion and Supplemental Memorandum.

### III.  Applicable Law

Rule 55, Federal Rules of Civil Procedure ("Rule(s)"), provides the requirements for entry of a default judgment.  See Fed. R. Civ. P. 55(b)(2).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue."  Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986).  All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[2] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

---

[2]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

## IV.  Discussion

### A.  Jurisdiction

This case is properly within the subject matter jurisdiction of this Court.  See 28 U.S.C. § 1332; Loral Corp. v. Swiftships, Inc., 77 F.3d 420, 422 (11th Cir. 1996) (stating that "[s]ubject matter jurisdiction for cases filed pursuant to § 9 of the [FAA] must be based upon either diversity of citizenship or the existence of a federal question and is not dependent upon the location in which the arbitration award was made"); see also Notice (Doc. No. 6), entered October 23, 2017 (indicating that "the Court's sua sponte inquiry into its subject matter jurisdiction [was] satisfied" upon the filing of the Amended Petition).

### B.  Confirming the Final Award

The relevant section of the FAA provides in part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.  Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9.  Any attempt to vacate or modify an award must be made within three months of when an award is filed or delivered.  9 U.S.C. § 12.

Here, paragraph eight of the parties' SMSA provides that "[t]he award rendered by the arbitrator will be final, judgment may be entered upon it in any court having jurisdiction thereof, and the award will not be subject to vacation, modification or appeal, except to the

extent permitted by Sections 10 and 11 of the [FAA.]" SMSA (Doc. No. 5-1, p.9 ¶ 8).[3]  The matter is properly before this Court.  Additionally, Petitioner applied for confirmation of the Final Award within one year, see 9 U.S.C. § 9, and Respondent has not moved to vacate, modify, or correct the award, see Am. Pet. at 4.  In light of the circumstances and the well-pleaded allegations of the Amended Petition, Petitioner is entitled to confirmation of the Final Award.  See, e.g., Wells Fargo Commercial Distrib. Fin., LLC v. Pounds, No. 6:16-cv-1265-Orl-40TBS, 2016 WL 4539668, at *2 (M.D. Fla. Aug. 9, 2016) (unpublished report and recommendation) (finding the same), adopted, 2016 WL 4529532, at *1 (M.D. Fla. Aug. 30, 2016) (unpublished order); Vixicom, LLC v. Four Corners Direct, Inc., No. 8:16-cv-703-T-35JSS, 2016 WL 4925167, at *2 (M.D. Fla. June 30, 2016) (unpublished) (finding same).

## C.  Post-Award Attorneys' Fees and Costs

Paragraph 23(b) of the parties' SMSA provides that "[i]n the event of litigation or arbitration between the Parties, all reasonable costs and attorneys' fees to enforce th[e SMSA] incurred by the prevailing party shall be reimbursed by the non-prevailing party." SMSA (Doc. No. 5-1, p. 15 ¶ 23).  In the Motion and Supplemental Memorandum, Petitioner seeks an award of post-arbitration attorneys' fees in the amount of $3,250, an award of costs in the amount of $465, and post-judgment interest at the applicable legal rate.  Motion at 3; Supplemental Memorandum at 2.  Attached to the Supplemental Memorandum are billing invoices detailing the fees incurred in seeking to confirm the Final Award.  See Invoices (Doc. No. 16-1).

---

[3]      Citations to the SMSA are to the pagination assigned by the Court's electronic filing system.

Regarding attorneys' fees, Petitioner requests an award of $3,250 for 13 hours at a rate of $250 per hour.  See id.  Upon review of the filings, and upon consideration of the relevant factors, the undersigned finds the hourly rates and time expended to be reasonable. Petitioner should be awarded $3,250 in attorneys' fees for the efforts to confirm the Final Award.

Regarding costs, Petitioner requests an award of $465 based on the $400 filing fee and a $65 service of process fee.  Motion at 3; see Process Receipt and Return (Doc. No. 7) (reflecting the U.S. Marshal served Respondent and charged a $65 service fee).  The undersigned finds that these costs are appropriate and should be awarded.  Petitioner is further entitled to post-judgment interest at the legal rate established by 28 U.S.C. § 1961.

## V.  Conclusion

Upon review of the Motion and the file, and for the foregoing reasons, the undersigned finds that Petitioner has met the requirements for entry of a default judgment against Respondent.[4]  Accordingly, it is

**RECOMMENDED THAT**:

---

[4] Before entering a default judgment, the Court must determine whether a hearing is necessary to decide the amount of damages.  "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation."  United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005).  When the essential evidence regarding damages is before the Court, a hearing on damages may be unnecessary.  See Smyth, 420 F.3d at 1232 n.13.  Here, the Final Award set forth the amount of damages; accordingly, the damages are capable of mathematical calculation and the essential evidence is before the Court.  Further, with respect to the post-Final Award fees and costs, the essential evidence is before the Court in the form of invoices, the process receipt, and the docket reflecting payment of the $400 filing fee.  No hearing is necessary.

1.      Petitioner's Motion for Entry of Final Judgment Against Respondent (Doc. No. 14) be **GRANTED.**

2.      The Clerk of Court be directed to enter judgment in favor of Petitioner and against Respondent for the following amounts:

    A.  Damages awarded in Final Award: $105,345.55;
    B.  Attorneys' fees awarded in Final Award: $8,100.00;
    C.  Arbitration costs: $3,967.50;
    D.  Cost for Middle District of Florida filing fee: $400.00;
    E.  Cost for Service of Process: $65.00;
    F.  Additional attorneys' fees incurred: $3,250.00; and
    G.  Post-judgment interest at the applicable rate, see 28 U.S.C. § 1961.

3.      The Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on May 23, 2018.

**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Antonio Hyppolite
Registered Agent
B.J. Burns Inc.
d/b/a Outlook International Electric
4700 Biscayne Blvd., Suite 501
Miami, FL 33137

B.J. Burns Inc.
d/b/a Outlook International Electric
1730 Biscayne Blvd., #201-B
Miami, FL 33132

B.J. Burns Inc.
d/b/a Outlook International Electric
1411 Sawgrass Corporate Pkwy, #B-40
Sunrise, FL 33323